UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC (AGT) |
| This document relates to: | **DISCOVERY ORDER NO. 5: GRANTING MONSANTO'S MOTION TO COMPEL PRODUCTION OF DR. SAWYER'S JUNE 3, 2022 REPORT** |
| *Estate of Kenzie Elizabeth Murdock, et al. v. Monsanto*, Case No. 3:20-cv-01363 | Re: Dkt. No. 16682 |

Monsanto's motion to compel production of a June 3, 2022 "preliminary" report by plaintiffs' expert Dr. William Sawyer—which was considered by plaintiffs' testifying expert Dr. Ron Schiff in forming his opinions in this case—is granted.

Under Rule 26(a)(2)(B), testifying experts must disclose "the facts or data considered by the witness in forming" their opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). "The term 'considered' is broadly interpreted, and the party sponsoring the witness must disclose the materials considered by, presented to, or relied upon by a testifying expert in forming his or her opinions," even if such materials are privileged or otherwise protected from disclosure. *Chinitz v. Intero Real Est. Servs.*, 2020 WL 7391299, at *4 (N.D. Cal. July 22, 2020) (citation omitted); *see Elasticsearch, Inc. v. Floragunn GmbH*, 2022 WL 126075, at *3 (N.D. Cal. Jan. 13, 2022) (noting that "considered" for Rule 26(a)(2)(B) purposes means "anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed") (citation omitted). "That the witness did not rely on the materials at issue in forming her opinion does not protect the materials from disclosure." *Chinitz*, 2020 WL 7391299,

1

at *4 (citation omitted). "Since Rule 26(a)(2)(B)'s disclosure language was added, courts have overwhelmingly imposed a bright-line rule that all materials considered by a testifying expert, whether otherwise privileged or not, are automatically discoverable." *Id.*

Plaintiffs do not dispute that they provided Dr. Sawyer's June 2022 preliminary report in its entirety (232 pages total) to Dr. Schiff, and Dr. Schiff testified at his deposition that he reviewed that report in the course of forming his opinions in this case. *See* Dkt. 16682-1, Schiff Dep. at 35:17–20. Dr. Schiff also testified that he relied on Dr. Sawyer's preliminary report—specifically "with regard to what Dr. Sawyer contributed about exposure"—in forming his opinions in this case. *See id.* at 35:21–37:9. And Dr. Schiff's report in this case cites "Dr. Sawyer's toxicology report" as one source of information regarding the frequency, duration, and circumstances of Kenzie Murdock's Roundup exposure and her non-use of personal protective equipment, and Dr. Schiff confirmed in his deposition that "Dr. Sawyer's toxicology report" refers to Dr. Sawyer's June 2022 preliminary report, which was the only report by Dr. Sawyer that Dr. Schiff had access to until the week of Dr. Schiff's deposition. *See id.* at 93:19–94:25; 104:14–1; 154:7–155:4. Given this testimony, the Court finds that Dr. Schiff "considered" Dr. Sawyer's entire June 2022 report for purposes of Rule 26(a)(2)(B), and plaintiffs must therefore produce the entire report.[1]

That Dr. Sawyer's June 2022 report was a "preliminary" report and labeled as a "draft" does not preclude disclosure. Although Rule 26(b)(4)(B) generally protects draft reports from disclosure, "when an otherwise protected draft report is shared with another expert who then considers the draft report in forming his/her own opinions, the draft report becomes discoverable in relation to that other expert." *Asarco LLC v. Union Pac. R.R. Co.*, 2016 WL 5799296, at *3 (D. Idaho Sept. 30, 2016); *see also Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 n.4 (9th

---

[1] The fact that Dr. Schiff testified that he *relied on* only a portion of Dr. Sawyer's June 2022 report (specifically, the portion concerning exposure, *see* Schiff Dep. at 35:21–37:9) is of no moment given that he received and reviewed the whole report in the course of forming his opinions, *see id.* at 35:17–20. *See Chinitz*, 2020 WL 7391299, at *4; *see also* Fed. R. Civ. P. 26 advisory committee's notes (2010 amendments) (explaining that Rule 26(a)(2)(B)'s "disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert").

Cir. 2014) (explaining that "any ordinary work product protection (i.e., for trial preparation materials prepared by non-attorneys that do not reflect an attorney's mental impressions, conclusions, opinions, or legal theories) would typically be waived where the materials are disclosed to a testifying expert"). By providing Dr. Sawyer's preliminary report to their testifying expert Dr. Schiff, who in turn considered the report in forming his opinions in this case, plaintiffs waived any work product protection that may have applied.

Plaintiffs must produce Dr. Sawyer's June 2022 report to Monsanto within seven days of this Order.

**IT IS SO ORDERED.**

Dated:  June 22, 2023

ALEX G. TSE
United States Magistrate Judge