UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:23-CV-00128-BJB-LLK

ESTATE OF KENZIE ELIZABETH                        PLAINTIFFS
MURDOCK, ET AL.,

v.

MONSANTO COMPANY,                                  DEFENDANT

### [SUPERSEDING] MEMORANDUM OPINION AND ORDER

This case has been referred to Magistrate Judge Lanny King to determine all pretrial

matters, including non-dispositive motions. Text Order of January 9, 2024 [DN 51]. Before the

Court is Defendant's Motion for Protective Order, Motion [DN 104], submitted on November 5,

2024, moving the Court to prevent Plaintiffs from re-deposing Dr. Donna Farmer, Defendant's

witness on scientific matters pertinent to this case. Plaintiffs responded to the Motion on

November 12, Response [DN 113], and Defendant replied on November 18, Reply [DN 124].

The matter being ripe for adjudication, the Court hereby **GRANTS** Defendant's Motion, [DN

104], for the reasons set forth below.


### BACKGROUND

Procedurally, this case comes to the Court on remand from the multidistrict litigation

("MDL") court in the Northern District of California. *See In re: Roundup Prods. Liab. Litig.*,

MDL No. 2741, Case No. 3:16-md-02741-VC (N.D. Cal.) ("MDL Court"). Plaintiffs allege that

Defendant sold its product, Roundup, into the market knowing that it contained glyphosate, a

carcinogen. Second Amended Complaint [DN 13] at ¶1. It ignored evidence of its danger to

consumers and prevented the public from knowing the harm caused by their product, "going so

far as to conceal relevant scientific studies and partaking in 'ghostwriting' scientific studies." *Id.* Plaintiffs further allege that decedent Kenzie Murdock died because of Defendant's conduct. *Id.* at ¶2.

The subject of the present dispute is Plaintiffs' attempt to take the deposition of Dr. Donna Farmer, [DN 91], a Monsanto toxicologist with extensive experience working with glyphosate, Motion [DN 104] at 2; [DN 113-7] at 11, who has already provided testimony on numerous occasions in Roundup litigation, Response [DN 113] at 6; Reply [DN 124] at 2-3. On October 1, 2024, Plaintiffs noticed the videotaped deposition of Dr. Farmer "for purposes of discovery, for use as evidence at trial, and for any other purposes allowed by law." [DN 91] at 1.

Defendant seeks a protective order, pursuant to Fed. R. Civ. P. 26(c), prohibiting Plaintiffs from re-deposing Dr. Farmer. Motion [DN 104]. It contends that Plaintiffs' notice of deposition was untimely, *id.* at 3, seeks cumulative discovery, *id.* at 5, and is unduly burdensome, *id.* at 6. Plaintiffs respond with the distinction that they seek a *de bene esse*[1] or trial deposition, which they argue does not conflict with any discovery deadlines. Response [DN 113] at 3. Defendant replies that even if Plaintiffs only seek a trial deposition, Dr. Farmer has already been extensively deposed, and another deposition would be contrary to the purpose of MDL consolidation, Reply at [DN 124] 2-5, and improper in the context of an adverse witness such as Dr. Farmer, *id.* at 6-7.

---

[1] *De bene esse* means "conditionally allowed for the present; in anticipation of a future need. To take or do anything 'de bene esse' is to allow or accept it for the time being until it comes to be more fully examined, when it may be accepted or rejected." *De bene esse*, Black's Law Dictionary (12th ed. 2024).

**LEGAL STANDARD**

It is well-established that the scope of discovery is within the discretion of the trial court. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018). Courts may deny untimely requests for discovery. *Id.* at 642-643 (collecting cases).

The Federal Rules of Civil Procedure provide that if a deponent has already been deposed in a case, "then a party must obtain leave of court in order to reopen the deposition." Fed. R. Civ. P. 30(a)(2)(A)(ii). When faced with such a request, "the court must grant leave [to resume the deposition] to the extent consistent with Rule 26(b)(1) and (2)." *Id.*

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(2)(C) provides as follows:

> **(C)** *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(c) governs the issuance of protective orders, which may be granted for good cause to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A request for a protective order "must be illustrated with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Air Crash at Lexington*, No. 5:06-CV-316-KSF, 2008 U.S. Dist. LEXIS 3865,

at *31 (E.D. Ky. Jan. 17, 2008) (citing *Nemir v. Mitsubishi Motors Corp*., 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). The burden of establishing good cause for a protective order rests with the movant. *Murillo v. Dillard*, No. 1:15-cv-00069, 2017 U.S. Dist. LEXIS 15391, at *9 (W.D. Ky. Feb. 3, 2017).

### ANALYSIS

Plaintiffs submit that "trial depositions are case-specific and are not subject to the fact-discovery deadline or any other limits that might otherwise apply to the discovery process." Response [DN 113] at 1 (citing *Murillo*, 2017 U.S. Dist. LEXIS 15391, at *19). The Federal Rules of Civil Procedure do not differentiate between discovery depositions and trial depositions; however, some courts within the Sixth Circuit seem to have endorsed this distinction. *See Johnson v. United States*, 2019 U.S. Dist. LEXIS 241559, at *2-3 (W.D. Ky Apr. 20, 2020) (recognizing "common-sense" distinction between *de bene esse* and discovery depositions); *El Camino res., Ltd. v. Huntington Nat. Bank*, No. 1:07-cv-598, 2009 WL 1228680, at *5 (W.D. Mich. Apr. 30, 2009) (same). These courts have noted that "witnesses often become unavailable for trial, whether because of distance or conflicting schedules (as with testifying physicians). In such circumstances, *de bene esse* depositions taken shortly before trial are commonplace and are properly understood as part of the trial proceedings, not discovery." *Id.*

Other courts in the Sixth Circuit have recognized this distinction but cautioned that trial depositions may be a "slippery slope with … possible abuse for post-discovery shenanigans. [P]arties could wait until after discovery closes to take depositions by merely designating the depositions for trial use." *Stinson v. Protective Ins. Co*., 2023 U.S. Dist. LEXIS 40684, at *2 (E.D. Ky. Mar. 3, 2023); *see also Coblin v. DePuy Orthopaedics, Inc*., 2023 U.S. Dist. LEXIS

178913, at *4 (E.D. Ky. Oct. 4, 2023) (considering trial deposition in the context of MDL; "[I]f a party can take a trial deposition after the Court has ordered discovery closed, then what is even the purpose of the Court's order?"). Such cases do consider trial depositions to be part of discovery, not merely trial proceedings, and examine requests that fall outside the discovery window as requests to modify the court's scheduling order. *See id.* Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Sixth Circuit considers multiple factors for determining good cause to modify a court scheduling order, including: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the [court's ruling]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010); *Stinson*, 2023 U.S. Dist. LEXIS 40684, at *3-4; *Coblin*, 2023 U.S. Dist. LEXIS 178913, at *4-5.

In sum, should a trial deposition be considered part of discovery, Plaintiffs must show good cause for noticing it beyond the time contemplated by the MDL Court's scheduling order; however, if it is considered part of trial proceedings, the burden of proof is reversed, and Defendant must show good cause for a protective order preventing the deposition.[2]

---

[2] The Court refrains from deciding which standard is objectively more appropriate for evaluating the propriety of a trial deposition; however, it notes that Plaintiffs noticed the deposition of Dr. Farmer "for purposes of discovery," [DN 91] at 1, and only in briefing argued that it sought the deposition *de bene esse*, *see generally* Response [DN 113]. The deposition of an adverse witness, like Dr. Farmer, is also more likely to be used for purposes of discovery as opposed to evidence preservation. Courts that criticize the notion of *de bene esse* depositions often note the potential for abuse by litigants taking untimely discovery via a deposition which masquerades as one for evidentiary purposes only. *See Snyder v. Fleetwood RV, Inc.,* 2017 U.S. Dist. LEXIS 236152, at *7 (S.D. Ohio Feb. 13, 2017) ("[W]hen a party claims that a deposition is being taken for trial rather than discovery purposes, the Court must be satisfied that such a claim is true. Otherwise, it would fall into the trap of allowing a party to take any deposition it wanted after discovery has closed just by attaching the appropriate label to that deposition.") (collecting cases). Thus, in circumstances like those present, there may be reason for holding Plaintiffs to the more rigorous standard and not require that Defendant show good cause for a protective order.

*Whether Plaintiffs May Take a Trial Deposition as Part of Discovery*

Although neither party briefs the schedule-modification standard articulated in these latter, more recent opinions from this Circuit, the Court finds that there are ample facts on the record to conduct an analysis thereunder. Under *Stinson, Coblin*, and *Dowling,* Plaintiffs must show good cause for conducting untimely discovery. Considering these factors, Plaintiffs fall far short of their burden.

(1) Plaintiffs have known for at least a year—as they had deposed Dr. Farmer in a related case in September 2023, [DN 104-4]—whether her testimony may be necessary in this case and that she resides outside the subpoena power of the Court. Plaintiffs likely knew of these details long before that time. *See Coblin*, 2023 U.S. Dist. LEXIS 178913, at *5 (Under the first factor, the "operative question is when did [Plaintiffs] discover that a trial deposition of Dr. [Farmer] was necessary[.]") (denying protective order where party immediately requested trial deposition after learning of witness's unavailability); *Stinson*, 2023 U.S. Dist. LEXIS 40684, at *2 ("[T]here must be some evidence that the parties were diligently pursuing discovery and only learned, after the close of discovery, of a witness's unavailability.")

(2) Plaintiffs present no case-specific need for re-deposing Dr. Farmer. Plaintiffs claim potential harm from having to potentially "'splice and dice years of testimony into a Frankenstein's monster of a trial deposition [that] will not serve the jury's understanding of the evidence.'" Response [DN 113] at 3-4 (citing *Cline v. Boston Scientific*, No. 5:14-cv-5090, 2021 U.S. Dist. LEXIS 79166, at *6–9 (W.D. Ark. Apr. 26, 2021)). Plaintiffs' need to present Dr. Farmer's testimony in the format they prefer is not clearly one this Court must recognize. *See Joseph Oat Holdings, Inc. v. RCM Digesters, Inc*., No. 06-4449, 2010 U.S. Dist. LEXIS 152129,

at *4 (D.N.J. Mar. 11, 2010) (denying request to take *de bene esse* deposition of witness where party had "not demonstrated a reason to permit a second deposition other than to substitute [deponent's] prior stenographic testimony with videotaped testimony.")

(3) There has been ample time for discovery related to Dr. Farmer's testimony, who was first deposed in in January 2017. *See* [DN 104-4]. This case was transferred to the MDL Court in February 2020, [DN 8], and the parties agreed to a fact discovery deadline of September 2022. Motion [DN 104] at 3; [MDL Court DN 13819] at 1 ("Close of fact discovery: 9/12/2022"; "Close of expert discovery: 12/12/2022").

(4) Plaintiffs have been dilatory in formally seeking Dr. Farmer's trial deposition, despite long knowing she resides outside the subpoena power of the Court and that Defendant would not voluntarily make her available. *See Day v. Outback Steakhouse of Florida, LLC*, No. 5:20-cv-506-DCR, 2022 U.S. Dist. LEXIS 98116, 2022 WL 1812250, at *2 (E.D. Ky. June 2, 2022) (denying trial deposition where movant waited seven weeks after finding out the witness was unavailable before making request).

(5) Finally, Plaintiffs have made no showing that Defendant was unresponsive to its discovery requests, or cause for the delay. While Defendant did not voluntarily provide the requested discovery, *see* Response [DN 113] at 4, there is no indication that Defendant ignored Plaintiffs' requests.

As the Sixth Circuit has noted, "[t]he overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). Plaintiffs offer no justification for allowing the untimely request, or unexpected circumstances causing Dr. Farmer's trial testimony to suddenly become "unavailable" under Fed. R. Civ. P. 32. Without requiring justification, "permitting

parties as a matter of course to take depositions after the close of discovery would undermine the Court's ability to manage its docket." *Stinson*, 2023 U.S. Dist. LEXIS 40684, at *2. Plaintiffs have not shown good cause to take untimely discovery.

### Whether Plaintiffs May Take a Trial Deposition as Part of Trial Proceedings

The Court must also look to other opinions from the Western District of Kentucky and Sixth Circuit which do not emphasize trial depositions' potential for abuse as part of "post-discovery shenanigans," *see Stinson*, 2023 U.S. Dist. LEXIS 40684, at *2, and moreso view them as a routine part of the trial process, *see Murillo*, 2017 U.S. Dist. LEXIS 15391, at *9; *Johnson*, 2019 U.S. Dist. LEXIS 241559, at *2-3; *El Camino res., Ltd.*, 2009 WL 1228680, at *5. Even if allowed post-discovery, a court may impose additional measures to prevent abuse. *See El Camino res., Ltd.*, 2009 WL 1228680, at *17 ("To prevent any possible abuse of the *de bene esse* deposition process, the order allowing the deposition will provide that it can only be used for purposes of trial."); *Snyder,* 2017 U.S. Dist. LEXIS 236152, at *9-14 (considering the use of sanctions against a party who uses a purported trial deposition for discovery purposes; reasoning that a plaintiff should present evidence that their deposition's purpose is proper).

Without any firm root in the Federal Rules of Civil Procedure, it is no surprise that the standard for permitting a trial deposition, as part of trial proceedings, is less than clear. In *Murillo*, the movant was required to show good cause for a protective order under Fed. R. Civ. P. 26(c). *Murillo*, 2017 U.S. Dist. LEXIS 15391, at *9; *see also Johnson*, 2019 U.S. Dist. LEXIS 241559, (denying motion for protective order without explicit analysis of Fed. R. Civ. P. 26(c)). In *Brooks v. Caterpillar Global Mining Am*, the court denied a motion to compel a trial deposition after considering "'all the circumstances, including fairness to the adverse party and the amount of time remaining before the date set for trial.'" 2017 U.S. Dist. LEXIS 237094, at *5

(W.D. Ky. Nov. 27, 2017) (citing *Rhodes v. Lazy Flamingo 2, Inc.*, 2016 WL 4992418, at *3 (M.D. Fla. Sept. 19, 2016)) (quoting *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002)). The Court finds that, in view of all surrounding circumstances, Defendant has shown good cause for granting its Motion, and Plaintiffs may not re-depose Dr. Farmer.

*Timeliness*

Courts in this district have allowed *de bene esse* depositions where a party provides notice months in advance of trial. *Compare Barrios v. Elmore*, No. 3:18CV-00132-DJH, 2020 WL 3422225, at *5 (W.D. Ky. Apr. 9, 2020), *objections overruled*, No. 3:18-CV-132-DJH-RSE, 2020 WL 4352743 (W.D. Ky. July 29, 2020) (allowing trial deposition request which came nearly three months before trial and no modification of scheduling order was needed), *with*, *Brooks*, 2017 U.S. Dist. LEXIS 237094, at *5 (denying trial deposition request which came two weeks before trial); *see also Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015) (affirming denial of trial deposition noticed the day before trial). The timeliness factor alone, under a more permissive standard, may not preclude Plaintiffs from deposing Dr. Farmer.

*Fairness in Allowing Cumulative Discovery*

Defendant offers persuasive reasons that in the context of the underlying MDL, Dr. Farmer's reopened deposition would be cumulative and unduly burdensome. Indeed, a critical purpose of MDL consolidation is to ensure "'that common parties and witnesses are not subjected to discovery demands which duplicate activity occurring in other actions.'" Motion [DN 104] at 4 (citing *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002); 28 U.S.C. § 1407(a) (MDL process aims to serve the "convenience of parties and witnesses" and "promote the just and efficient conduct" of actions). Consolidation serves to "eliminate duplicative discovery … and conserve the resources of the parties, their counsel and the

9

judiciary. *In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*, No. 2:03-md-1565, 2004 U.S. Dist. LEXIS 10605, at *7 (S.D. Ohio Mar. 25, 2004). A court may limit discovery where it "determines that the discovery sought is unreasonably cumulative or duplicative," Fed. R. Civ. P. 26(b), and it may enter a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c).

In this case, Dr. Farmer has provided testimony in multiple Roundup litigation cases, including the MDL, and has even been recently deposed by Plaintiffs' counsel. Response [DN 113] at 6-8; Reply [DN 124] at 2-3; [DN 104-4]; [DN 104-5]. Defendant submits that "Dr. Farmer's testimony in the Roundup cases is not case-specific—she has no opinions or knowledge related solely to individual Roundup plaintiffs. Rather, Dr. Farmer's testimony in the Roundup cases is based upon her generalized and personal knowledge of glyphosate and Roundup learned during her employment at Monsanto." Motion [DN 104] at 2-3. Plaintiffs make no argument rebutting this assertion. Apart from vague references to the passage of time, Response [DN 113] at 8, Plaintiffs provide no case-specific need for an additional deposition here, or case-specific testimony it seeks to elicit from Dr. Farmer. In similar circumstances, courts have decided that parties may not re-depose a witness and instead must rely on prior testimony at trial.[3] *See, e.g., Joseph Oat Holdings*, 2010 U.S. Dist. LEXIS 152129, at *4; *In re Fosamax Prods. Liab. Litig.,* No. 06 Civ. 6292 (JFL), 2011 WL 240124, at *3 (S.D.N.Y. Jan. 25, 2011) (denying request to re-depose MDL witnesses where plaintiffs' counsel failed to present

---

[3] This Court notes that, contrary to holdings in the following cases, Plaintiffs cite *Cline v. Boston Scientific Corporation* for the proposition that they should be able to re-depose Dr. Farmer and not have to rely on excerpts of her prior testimony for presentation to a jury. *Cline v. Bos. Sci. Corp.*, No. 5:14-CV-5090, 2021 U.S. Dist. LEXIS 79166, (W.D. Ark. Apr. 26, 2021); *see generally* Response [DN 113]. The *Cline* court reasoned that, to be permitted, there must be "a separate purpose for taking trial depositions of [the] corporate witnesses" that would not be served by the general MDL deposition testimony. *Id.* at 8 (citing *Charles v. F.W. Wade*, 665 F.2d 661, 664 (5th Cir. 1982)). It found one such proper, separate purpose to be plaintiff's ability to present her testimony in a "logical, coherent format." *Id.*

any evidence that the witnesses' testimony would differ from their prior testimony); *In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig*., No. 1:02 CV 15000, 2003 WL 22331285, at *2 (N.D. Ohio May 2, 2003) (same); *Kosek v. Ethicon, Inc*., No. 18 C 7477, 2020 WL 6203310, at *3 (N.D. Ill. Oct. 22, 2020) (same); *cf.* Fed. R. Civ. P. 30(a)(2)(A)(ii) (prohibiting second deposition of witness absent stipulation of the parties or court order).

## CONCLUSION

Under either standard articulated above, the Court finds that Plaintiffs should not be permitted to take the trial deposition of Dr. Farmer.

**IT IS THEREFORE ORDERED** that the Motion for Protective Order, [DN 104], is **GRANTED** and Plaintiffs' Notice of Deposition of Donna Farmer, [DN 91], is **QUASHED**. Dr. Farmer's prior deposition testimony may be presented at trial, in lieu of a trial deposition.

**IT IS FURTHER ORDERED** that Defendant's Motion to Modify, [DN 112], is **DENIED** as moot, as Defendant's request for an extension of deadlines was contingent on denial of its Motion for Protective Order.

November 26, 2024

**Lanny King, Magistrate Judge**
**United States District Court**

11