UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:23-CV-00128-BJB-LLK

**ESTATE OF KENZIE ELIZABETH**              **PLAINTIFFS**
**MURDOCK, ET AL.,**

**v.**

**MONSANTO COMPANY,**              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This case has been referred to Magistrate Judge Lanny King to determine all pretrial matters, including non-dispositive motions. Text Order of January 9, 2024 [DN 51]. Before the Court are a number of motions for leave to seal brought by Plaintiffs, seeking to seal motions in limine and certain exhibits. *See* Motions [DN 105, 155, 169, 173, 178, 182, 185, 188, 192, 199]. The bulk of these motions were filed on November 26, 2024, and under Joint Local Rule of Civil Practice 7.1, Defendant has until December 17 to respond. LR 7.1(c). For the reasons that follow, the stated justifications for sealing these documents are insufficient under the Local Rules and Sixth Circuit authority. The Court will deny these motions absent supplemental justification.

**LEGAL STANDARD**

Trial courts have discretion to seal their records in certain limited circumstances. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). "The public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). Courts have long recognized a "strong presumption in favor of openness as to court records," and the party seeking to seal records has

the burden of overcoming that presumption. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). This burden is heavy, and only "the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citing *Knoxville News–Sentinel*, 723 F.2d at 476). Even if neither party objects to non-disclosure to the public, courts must set forth specific findings and conclusions providing justification. *Id.*

Joint Local Rule of Civil Practice 5.6 states that "parties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances, as set forth in this Rule". LR 5.6(a). "Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document … warrants filing under seal." LR 5.6(c).

**ANALYSIS**

*Motions for Leave to Seal Motions in Limine, [DN 155, 169, 178, 182, 185, 188,] and Exhibits [DN 105, 173, 199]*

As grounds for sealing, Plaintiffs submit that these documents have been identified by Defendant or the Environmental Protection Agency as confidential and/or proprietary and "subject to the protections of the confidentiality and protective orders previously entered by Defendant as well as the Confidentiality and Protective Order entered in the Roundup MDL." *Id.* The sole justification, stated in each of the above referenced motions, is "brief, perfunctory, and patently inadequate[,]" *Shane Grp.*, 825 F.3d at 306, and of the type that may be "'summarily rejected.'" *Id.* (citing *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 547 (7th Cir. 2002)). There is a "stark difference" between protective orders and orders to seal court records, *Shane*

*Grp.*, 825 F.3d at 305, and the Court maintains "vastly more demanding standards for sealing off judicial records from public view" than the good-cause standards applicable to protective orders. *Id.* at 307. The proponent of sealing must "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06 (citing *Baxter*, 297 F.3d at 548).[1]

*Motion for Leave to Seal Exhibit [DN 192]*

Likewise, Plaintiffs move to seal an Expert Report of Stacy Cooper, M.D., which they state contains "personal health related information about Kenzie Murdock that is subject to the protections of the Confidentiality and Protective Order entered in the Roundup MDL." [DN 192] at 1. Plaintiffs provide no other justification, and as with the previous motions, cannot meet the heavy burden to justify sealing documents with conclusory statements and reference to a protective order. Privacy concerns are often interests that courts take seriously in analyzing requests to seal. *Shane Grp.*, 825 F.3d at 308. However, Plaintiffs' request is not "narrowly tailored," as the Sixth Circuit requires, *see id.* at 305, and provides no specific support in law or fact as to why the document containing personal health information should be sealed. Therefore, this request may also be denied. *See Frohn v. Globe Life & Accident Ins. Co.*, 99 F.4th 882, 899 (6th Cir. 2024) (where party provided no support for argument that medical information should be redacted, apart from broad claim to privacy, such argument required no consideration from the court).

---

[1] The Roundup MDL Protective Order further provides that "a sealing order will issue only upon a request establishing that the material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law." [DN 105-2 ¶18]. Plaintiffs have moved for leave to seal based, at least in part, on obligations arising from the Roundup MDL; however, they have not provided this Court with grounds for finding that the documents at issue are "entitled to protection under the law." *Id.*

3

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant shall respond to Plaintiffs' Motions for Leave to Seal, [DN 105, 155, 169, 173, 178, 182, 185, 188, 192, 199], by December 17, 2024, either providing supplemental support for the Motions or informing the Court that it does not oppose the documents being filed without seal.

December 3, 2024

**Lanny King, Magistrate Judge
United States District Court**